[No. G037226. Fourth Dist., Div. Three. Jan. 29, 2007.]

PAUL KUNYSZ IV, Plaintiff and Respondent, v.
STEPHEN SANDLER, Defendant and Appellant.

COUNSEL

Law Offices of Andrew D. Weiss and Andrew D. Weiss for Defendant and Appellant.

Dickinson & Associates and Steven L. Dickinson for Plaintiff and Respondent.

OPINION

**MOORE, J.**—This is an appeal from an order denying a special motion to strike under Code of Civil Procedure section 425.16, the anti-SLAPP statute.[1] (Subsequent statutory references are to the Code of Civil Procedure.) Almost 10 months after an initial motion to strike under the anti-SLAPP statute was denied, the defendant filed a motion for reconsideration pursuant to section 1008, subdivision (b), arguing new facts and law. Based on the provision of the anti-SLAPP statute requiring motions to strike to be filed within 60 days of the complaint, or at a time the court deems proper discretion, the trial court denied the motion. We find no abuse of discretion and affirm.

---

[1] "SLAPP is an acronym for 'strategic lawsuit against public participation.'" (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 732, fn. 1 [3 Cal.Rptr.3d 636, 74 P.3d 737].)

I

FACTS

We review the facts very briefly, as they are not directly pertinent to the procedural issue that governs this appeal. Homeowner Stephen Sandler hired contractor Paul Kunysz IV to complete certain work on his home. Disputes arose, and Sandler sued Kunysz. In June 2005, at the conclusion of closing statements in that case, Kunysz served Sandler with the initial complaint in this action. Kunysz alleged that while trial in the underlying action was ongoing, Sandler made calls to individuals for whom Kunysz had previously built custom homes and defamed him, stating, among other things, that his work was of poor quality. Kunysz's complaint alleged claims for defamation, intentional and negligent infliction of emotional distress, and interference with prospective economic advantage.

Sandler filed a demurrer and a special motion to strike under section 425.16 shortly thereafter. On August 8, before the hearing on those motions, Kunysz filed a first amended complaint. The first amended complaint was nearly identical, adding only a few factual details. While the hearing on the demurrer was mooted by the amended complaint, the hearing on Sandler's anti-SLAPP motion was scheduled for August 30. The matter was heard and the trial court denied Sandler's motion on September 12. Sandler filed an answer to the first amended complaint on October 14. No appeal was apparently filed.

On May 8, 2006, approximately six weeks before the trial date, Sandler filed a motion for reconsideration and a new motion to strike. Sandler argued that both new facts, not previously available, and new case law supported his motion. After a hearing, the trial court denied the motion as untimely under the anti-SLAPP statute. Sandler now appeals.

II

DISCUSSION

The trial court denied Sandler's motion, not only on the basis of section 1008, subdivision (b), but because of the timeliness provision set forth in the anti-SLAPP statute. Section 425.16, subdivision (f), states: "The special motion may be filed within 60 days of the service of the complaint or, in the

court's discretion, at any later time upon terms it deems proper." Thus, we review the court's decision for abuse of discretion.

Sandler's renewed motion to strike was filed on May 8, 2006, some nine months after the first amended complaint was filed on August 8, 2005. He sought reconsideration under section 1008, subdivision (b), but he did not acknowledge the 60-day time limit set forth in section 425.16, subdivision (f), nor did he seek the court's leave to file the motion after that date, either before filing the renewed motion, or at a minimum, concurrently.

■ We agree with Sandler that a motion for reconsideration under section 1008, subdivision (b), is permitted in the context of anti-SLAPP motions. Such motions, however, must also take into account the timeliness provision of the anti-SLAPP statute itself, and meet the requirements of both statutes. Thus, in addition to fulfilling the requirements for a motion for reconsideration, Sandler was required to establish why considering the anti-SLAPP motion at such a late date was proper. The trial court correctly noted in its tentative ruling that Sandler did not address this issue and declined to exercise its discretion to consider the motion at such a late date.

We understand Sandler's frustration that new law and evidence might strengthen his argument. Nonetheless, the purpose of the anti-SLAPP statute is to dismiss meritless lawsuits designed to chill the defendant's free speech rights at the earliest stage of the case. (See *Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 815, fn. 2 [33 Cal.Rptr.2d 446].) That consideration, obviously, no longer applies once the complaint has been answered and the case has been pending for nearly a year. Indeed, according to the cover page of Sandler's renewed motion, the case was scheduled for trial on June 19, 2006. The same issues raised by Sandler's renewed anti-SLAPP motion could just as easily have been raised by, for example, a motion for summary judgment or a motion for judgment on the pleadings.

■ In any event, Sandler did not seek the trial court's leave to file the renewed motion long after 60 days after service of the amended complaint. The trial court's "discretion is only abused where there is a clear showing [it] exceeded the bounds of reason, all of the circumstances being considered. [Citations.]" (*People v. DeJesus* (1995) 38 Cal.App.4th 1, 32 [44 Cal.Rptr.2d 796].) Given the late date and the upcoming trial, the trial court's decision did not exceed the bounds of reason, and we find no abuse of discretion.

## III

## DISPOSITION

The order is affirmed. Kunysz is entitled to his costs on appeal.

Sills, P. J., and O'Leary, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 9, 2007, S150873.