Filed 4/4/23  Renee A. v. Robert A. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| RENEE A.,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>ROBERT A.,<br><br>    Defendant and Respondent. | B322245<br><br>(Los Angeles County<br> Super. Ct. No.<br>18WHPT00142)<br><br>**ORDER MODIFYING OPINION**<br><br>**[NO CHANGE IN JUDGMENT]** |

THE COURT:

It is ordered that the opinion filed herein on March 9, 2023, be modified as follows:

On page 8, in the first full paragraph, after the second sentence, we delete the citations, beginning "(See *Celia S.*, *supra*, 3 Cal.App.5th at pp. 663–664 . . ." in their entirety, and the following citations are inserted in their place:

1

(See *Celia S., supra*, 3 Cal.App.5th at pp. 663–664 [if section 3044 applies, maintaining a 50-50 custody arrangement is an abuse of discretion unless the presumption has been applied and rebutted]; § 3044, subds. (b)(2) [listing *completion* of a batterer's treatment program as a factor supporting rebuttal, not an exception to the presumption's application], (c) [the presumption is triggered when "[a] person is found by the court to have . . . engaged in behavior involving. . . harassing . . . or disturbing the peace of another"]; *Fajota, supra*, 230 Cal.App.4th at p. 1498 [the trial court is prohibited from ""'call[ing]. . . into play" the presumption contained in section 3044 only when the court believes it is appropriate"'].)

There is no change in the judgment.

_____

ASHMANN-GERST, Acting P. J.   CHAVEZ, J.   HOFFSTADT, J.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| RENEE A., | B322245 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. |
| v. | No. 18WHPT00142) |
| ROBERT A., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Maria May J. Santos, Judge.  Reversed and remanded.

Family Violence Appellate Project, Cory Hernandez, Shuray Ghorishi, Jennafer Dorfman Wagner, Erin C. Smith; Sidley Austin LLP, David R. Carpenter, Sean A. Commons, and Nicole M. Baade for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Plaintiff and appellant Renee A. (Renee) appeals from an order granting her ex-boyfriend, defendant and respondent Robert A. (Robert), joint physical and legal custody of their minor son despite finding that Robert had committed acts of domestic violence against her.[1]  Renee contends that the trial court failed to apply the rebuttable presumption set forth in Family Code section 3044[2] that it is not in a child's best interest to award joint legal and/or physical custody to a parent who has been found to have committed domestic violence against his coparent.  Renee also challenges the trial court's failure to consider her request for child support.

We reverse the custody order and remand the matter to the trial court to apply the mandatory presumption set forth in section 3044 and to consider Renee's request for child support pursuant to section 6341.

## FACTS AND PROCEDURAL BACKGROUND

### I.    The Family

Renee and Robert were in a seven-year relationship that ended in 2018 (although they continued to live together until 2021).  They share one child, R.A. (born May 2012).

---

[1]    Because the parties have requested that we refrain from using their last names, we refer to them by their first names.  No disrespect is intended.

[2]    All further statutory references are to the Family Code unless otherwise indicated.

## II.     The Custody Order

In July 2018, Renee petitioned the family court to establish a parental relationship between her and Robert.[3]

In September and October of 2021, Renee filed two requests for a Domestic Violence Restraining Order (DVRO) against Robert, alleging that he had engaged in a campaign of harassment against her. Her first request was dismissed without prejudice on procedural grounds; the second was denied after a hearing on its merits, with the trial court concluding that Renee had not sufficiently established harassment meriting a permanent restraining order.

At the conclusion of the hearing on the second DVRO request, the trial court issued a temporary custody order establishing joint legal custody of R.A., but giving "primary physical custody" to Renee. The trial court directed the parents to communicate with one another only through Talking Parents, an on-line coparenting tool.

Robert subsequently filed for joint physical custody of R.A., arguing that the family "ha[d] always lived together" and that R.A. "ha[d] a well-established relationship with both" parents. Renee opposed the motion, reiterating her concerns about Robert's conduct towards her and the effect it was starting to have on their son. She provided corroborating letters from third parties, as well as Talking Parents messages demonstrating that Robert was misusing the app to continue harassing her.

---

[3]     Neither parent was represented by counsel at any of the following proceedings.

On December 15, 2021, Robert's custody request proceeded to a hearing. The trial court admonished Robert for misusing Talking Parents, but ultimately concluded that Renee "ha[d]n't presented anything that would cause me to believe that it's not in [R.A.]'s best interest to do some kind of 50-50 [custody] arrangement." Accordingly, the trial court issued a custody order granting joint physical and legal custody of R.A., with Renee and Robert trading physical custody every two to three days (i.e., a 2-2-3 custody plan).

## III.    The DVRO

In March 2022, Renee applied for another DVRO alleging ongoing abuse, harassment, and stalking. Robert opposed her request, and asked for sole legal and physical custody of R.A.

At the April 5, 2022 hearing, Renee provided evidence that Robert consistently sent her lewd, racist, and threatening messages, both over Talking Parents and through their 10-year-old son's personal cell phone.[4] She also presented a 56-second-long video of an incident where Robert had physically confronted her when she approached R.A. after his baseball practice to say goodbye. The trial court appeared disturbed by the video, admonishing Robert for "[g]etting in [Renee's] face in the video. I could see you were shaking. You were shaking in that video. All unnecessary . . . [b]ut you were so upset. I could tell how angry you were at her."

The trial court ultimately concluded that Robert's conduct constituted unlawful harassment, and granted a two-year DVRO

---

[4]      Because neither the content nor the sufficiency of these messages is at issue in this appeal, we need not repeat them here. Suffice to say, they are utterly reprehensible.

against him.[5]  The court mandated anger management and batterer's intervention programs for Robert, explaining that it could not lawfully give Robert visitation rights unless he completed these programs.

Although Renee's request for a DVRO explicitly included requests for sole legal and physical custody of R.A., the trial court issued a new custody order maintaining the preexisting joint legal and physical custody arrangement.  At the hearing, the court expressly stated that it would not apply the statutory presumption against awarding joint custody to a parent who commits domestic violence against his coparent.  (§ 3044, subd. (a).)  Instead, the court "f[ound] that there's an exception to the [section] 3044 presumption because these parties have been operating on a 2-2-3 schedule; I'm having [Robert] enroll in the batterer's intervention program; and that the harassment that [Renee] alleges I believe is harassment by way mostly of messaging and confrontation, verbal confrontation."  The court did not address Renee's request for child support.

Renee timely appealed.[6]

---

[5]  The DVRO protects only Renee and her child by another father, not R.A.

[6]  Robert did not file a respondent's brief.  Consequently, we will decide the appeal on the record, Renee's opening brief, and her oral argument.  (Cal. Rules of Court, rule 8.220(a)(2).)

## DISCUSSION

### I. Custody

Renee argues that the trial court failed to comply with the provisions of section 3044, which entitle her to a rebuttable presumption against continued joint custody.[7]

#### A. *Applicable Law*

When deciding a DVRO petition, a trial court has discretion also to make any necessary or proper order for custody of a child. (§ 3022; *Celia S. v. Hugo H.* (2016) 3 Cal.App.5th 655, 661 (*Celia S.*).) The guiding principle for the court in issuing any custody or visitation order is that the order must be in the child's best interest. (*Ibid.*)

"[S]ection 3044 establishes a rebuttable presumption that awarding physical or legal custody to a parent who has committed domestic violence is detrimental to a child's best interest." (*Celia S.*, *supra*, 3 Cal.App.5th at p. 661.) That statute provides that "[u]pon a finding by the court that a party seeking custody of a child has perpetrated domestic violence within the previous five years against the other party seeking custody of the

---

[7] On February 9, 2023, Renee submitted a letter informing us that the trial court recently entered a new, temporary custody order after Robert was found to have violated the DVRO. She does not argue that the order renders her appeal in this case moot, and she did not submit the order for our review. In general, we do not look at postjudgment development when reviewing an appeal and when mootness is not an issue. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405 ["It has long been the general rule and understanding that 'an appeal reviews the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration'"].) Absent any argument that we should deviate from this general rule, we decline to do so here.

child . . . , there is a rebuttable presumption that an award of . . . joint physical or legal custody of a child to [the] person who has perpetrated domestic violence is detrimental to the best interest of the child, pursuant to Sections 3011 and 3020.  This presumption may only be rebutted by a preponderance of the evidence."  (§ 3044, subd. (a).)

The presumption contained in section 3044 is mandatory and a court must apply it when a finding of domestic violence has been made.  (*In re Marriage of Fajota (*2014) 230 Cal.App.4th 1487, 1498 (*Fajota*).)

### B.    *Standard of Review*

We review the trial court's issuance of a custody order under the abuse of discretion standard.  (*Ellis v. Lyons* (2016) 2 Cal.App.5th 404, 415.)  "A family law court abuses its discretion if it applies improper criteria or makes incorrect legal assumptions. [Citations.]"  (*Ibid*.)

### C.    *Analysis*

The trial court in this case found that Robert committed acts of domestic violence against Renee (warranting a two-year restraining order protecting her from him), but awarded Robert joint legal custody of their child.

The trial court did not apply the rebuttable presumption provided in section 3044 when considering the operative custody order.  Instead, the court identified three supposed exceptions to the statutory presumption:  (1) the existing 2-2-3 custody plan; (2) the trial court's simultaneous order mandating Robert's participation in a batterer's intervention program; and (3) the fact that Robert's harassment, though sufficient to justify issuing a two-year restraining order, was somehow insufficient to trigger section 3044.

None of these are valid, as there are no exceptions to the mandatory presumption contained in section 3044. (*Fajota, supra*, 230 Cal.App.4th at p. 1498.) And, we note that every supposed exception identified by the trial court is expressly contradicted by existing law, including by the plain language of the statute. (See *Celia S.*, *supra*, 3 Cal.App.5th at pp. 663–664 [if section 3044 applies, maintaining a 50-50 custody arrangement is an abuse of discretion unless the presumption has been applied and rebutted]; §§ 3044, subds. (b)(2) [listing *completion* of a batterer's treatment program as a factor supporting rebuttal, not an exception to the presumption's application], (c) [the presumption is triggered when "'a person is found by the court to have intentionally or recklessly . . . engaged in behavior involving . . . harassment . . . or disturbing the peace of another'"]; *Fajota, supra*, 230 Cal.App.4th at p. 1498 [the trial court is prohibited from "''call[ing]. . . into play' the presumption contained in section 3044 only when the court believes it is appropriate'"].)

Accordingly, the trial court abused its discretion by awarding Robert joint legal custody without applying the required statutory presumption. (*Fajota, supra*, 230 Cal.App.4th at p. 1500.)

## II. Child Support

Renee also argues that the trial court failed to consider her request for child support.

### A. *Applicable Law and Standard of Review*

A petitioner in a proceeding under the Domestic Violence Prevention Act, including DVRO hearings, may request child support if he or she has custody of the child. (§ 6341, subd. (a).) "When determining whether to make any orders under this subdivision, the court shall consider whether failure to make any

of these orders may jeopardize the safety of the petitioner and the children for whom child support is requested, including safety concerns related to the financial needs of the petitioner and the children." (*Ibid.*)

We review the court's implicit denial of child support for abuse of discretion. (*In re Marriage of Chandler* (1997) 60 Cal.App.4th 124, 128.)

### B.    *Analysis*

Although Renee requested child support as part of her successful DVRO request, the trial court did not address the issue of child support at the hearing or in its minute order, effectively denying the request.[8] There is no indication that the trial court considered "whether failure to make [a child support] order[] may [have] jeopardize[d] the safety of [Renee] [or the child] for whom child support is requested." (§ 6341, subd. (a).) Its apparent failure to comply with this statutory duty constitutes an abuse of discretion. (*Platypus Wear, Inc. v. Goldberg* (2008) 166 Cal.App.4th 772, 782 [where the trial court exercises discretion the law does not provide, it abuses its discretion].)

---

[8]    Renee's failure to raise this issue at the hearing, as an unrepresented litigant in a DVRO proceeding, is not necessarily fatal. (*Gonzalez v. Munoz* (2007) 156 Cal.App.4th 413, 423 [recognizing that judges in family court are "necessarily expected to play a far more active role" during Domestic Violence Protection Act proceedings, "in light of the vulnerability of the targeted population (largely unrepresented women and their minor children)"].)

9

**DISPOSITION**

The April 5, 2022, custody order granting Renee and Robert joint legal and physical custody is reversed. The matter is remanded to the trial court to apply the mandatory presumption set forth in section 3044 and to consider Renee's request for child support pursuant to section 6341. Renee shall be awarded costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.</u>


_____, Acting P. J.
ASHMANN-GERST


We concur:



_____,
J. CHAVEZ



_____,
J. HOFFSTADT