Filed 10/21/24  Pacheco v. Universal Protection Services CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| IRVING PACHECO,<br><br>     Plaintiff and Appellant,<br><br>     v.<br><br>UNIVERSAL PROTECTION SERVICES, L.P.,<br><br>     Defendant and Respondent. | B331762<br><br>(Los Angeles County Super. Ct. No. 22STCV11856) |

APPEAL from an order of the Superior Court of Los Angeles County, Jill Feeney, Judge.  Affirmed.

King & Siegel and Robert J. King for Plaintiff and Appellant.

Martenson, Hasbrouck & Simon, David L. Lewis and Danielle J. Kaufman for Defendant and Respondent.

Appellant Irving Pacheco appeals from an order denying his special motion to strike allegations from the cross-complaint (anti-SLAPP motion; Code Civ. Proc., §425.16)[1] in favor of respondent Universal Protection Services, LP, doing business as Allied Universal Security Services (Universal).  On appeal, Pacheco contends the trial court abused its discretion by declining to consider the untimely motion, the allegations at issue were based on protected conduct, and Universal did not show a probability of prevailing on the merits.  We find no abuse of discretion has been shown, and therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Pacheco is a former Universal employee.  He filed a complaint against Universal in April 2022, and an amended complaint in July 2022, alleging several causes of action, including discrimination and retaliation.

On August 19, 2022, Universal filed a cross-complaint against Pacheco based on allegations that Pacheco accessed a former work email address without authorization and falsified email communications to provide to third parties, including the Equal Employment Opportunity Commission (EEOC), as evidentiary support for his discrimination charge.

On August 22, 2022, Pacheco served discovery requests on Universal related to the claims in the amended complaint and the cross-complaint, including 131 requests for production, 83 special

---

[1] "SLAPP" stands for strategic lawsuit against public participation.  (See *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 57.)  Unless otherwise specified, all subsequent statutory citations are to the Code of Civil Procedure.

interrogatories, 79 requests for admission, and 29 form interrogatories.

Universal filed an amended cross-complaint on November 2, 2022, containing many of the same allegations as the original cross-complaint. Pacheco filed an answer to the amended cross-complaint.

On December 23, 2022, Universal provided discovery responses and produced more than 700 pages of documents. After receiving Universal's discovery responses, Pacheco filed an anti-SLAPP motion on December 23, 2022, as to allegations in five causes of action in the amended cross-complaint. Pacheco denied authoring the allegedly false emails, but argued alternatively that even if he authored the emails or provided them to the EEOC, the allegations of the complaint were based on protected statements that he made to the EEOC in the course of making his discrimination complaint. Pacheco filed a declaration denying being the author of the false emails. Pacheco's attorney, Robert King, filed a declaration limited to the fees and costs incurred in connection with the filing of the anti-SLAPP motion.

Universal opposed the anti-SLAPP motion on the grounds that: it was untimely because it should have been filed in response to the initial complaint; Pacheco's statements to the EEOC were not a protected activity because they were "illegal speech;" and there was a probability that Universal would prevail on the merits.

Pacheco filed a reply arguing that the parties met and conferred about the allegations of the original complaint, the amended cross-complaint added allegations which made it clear the causes of action were subject to an anti-SLAPP motion, and

even if the amended cross-complaint were not based on new allegations, the court should exercise its discretion to consider the motion. Pacheco further argued that the causes of action arose from protected speech and the litigation privilege barred the causes of action.

In a supplemental declaration, Pacheco's attorney Robert King identified specific allegations to be stricken from the amended cross-complaint. He did not provide any information about the conversations between the parties during the meet and confer process or the timing of the motion.

A hearing was held on the anti-SLAPP motion on May 15, 2023, and the trial court took the matter under submission. On May 16, 2023, the trial court issued a minute order denying the motion. The court found the anti-SLAPP motion was untimely because it was not filed within 60 days of the initial cross-complaint, and the time limit did not begin to run again when Universal filed the amended cross-complaint because the original cross-complaint contained the same allegations about falsified material submitted to the EEOC. Under the circumstances, Pacheco was on notice of Universal's allegations about material submitted to the EEOC from the time the original cross-complaint was filed. The court declined to exercise its discretion to consider the late anti-SLAPP motion. The court noted that even if the motion had been timely, it would have been denied on the merits because the alleged conduct was illegal on its face, and therefore, not protected activity.

Neither the trial court's minute order, nor the attached certificate of mailing is file-endorsed. Pacheco filed a timely notice of appeal on July 18, 2023.

4

## DISCUSSION

Pacheco contends the trial court abused its discretion by declining to consider his anti-SLAPP motion filed 126 days after the original complaint. He asserts that the delay was due to a meet and confer process that resulted in Universal filing an amended cross-complaint, eliminating several causes of action, which is consistent with the purpose of the anti-SLAPP statute to prevent unmeritorious litigation at the initiation of the lawsuit. He contends that when a party files an anti-SLAPP motion after engaging in a meet and confer process that results in the other party filing an amended complaint, it is an abuse of discretion for the trial court to refuse to consider the motion even if the original complaint alleged protected activity. We disagree.

"A party may not file an anti-SLAPP motion more than 60 days after the filing of the complaint, unless the trial court affirmatively exercises its discretion to allow a late filing. (§ 425.16, subd. (f).)" (*Platypus Wear, Inc. v. Goldberg* (2008) 166 Cal.App.4th 772, 775 (*Platypus*).) The parties are not required to meet and confer before filing an anti-SLAPP motion. (*Trinity Risk Management, LLC v. Simplified Labor Staffing Solutions, Inc.* (2021) 59 Cal.App.5th 995, 1008.)

Among other things, "[t]he purpose of these timing requirements is to facilitate the dismissal of an action subject to a special motion to strike early in the litigation so as to minimize the cost to the defendant" (*Chitsazzadeh v. Kramer & Kaslow* (2011) 199 Cal.App.4th 676, 682) and " 'to avoid tactical manipulation of the stays that attend anti–SLAPP proceedings' " (*San Diegans for Open Government v. Har Construction, Inc.* (2015) 240 Cal.App.4th 611, 624 (*San Diegans*)).

5

Discretion under section 425.16, subdivision (f), "refers to a zone of latitude within which a trial court's actions must be upheld on appeal." (*Hewlett–Packard Co. v. Oracle Corp.* (2015) 239 Cal.App.4th 1174, 1187.) "In determining whether to permit a late motion, the most important consideration is whether the filing advances the anti–SLAPP statute's purpose of examining the merits of covered lawsuits in the early stages of the proceedings. [Citations.] Other relevant factors include the length of the delay, the reasons for the late filing and any undue prejudice to the plaintiff." (*San Diegans*, *supra*, 240 Cal.App.4th at p. 624; see *Platypus Wear*, *supra*, 166 Cal.App.4th at p. 776 ["[i]n exercising its discretion in considering a party's request to file an anti–SLAPP motion *after* the 60–day period, a trial court must carefully consider whether allowing such a filing is consistent with [the] purpose" of "ensuring the *prompt* resolution of lawsuits that impinge on a defendant's free speech rights"].)

No abuse of discretion has been shown in this case. The purpose of the anti-SLAPP statute is to facilitate dismissal at the earliest stages of litigation when applicable, but Pacheco's anti-SLAPP motion was not filed until double the time allotted by statute, after the parties filed additional pleadings and Universal responded to nearly 200 interrogatories and requests for admission and produced 700 pages of documents. The original cross-complaint contained causes of action based on the allegedly protected conduct, in particular the creation of false emails to provide to the EEOC in connection with his discrimination charges, so Pacheco was on notice of Universal's allegations. Pacheco asserts in his briefing that he engaged in a productive meet and confer process after the original cross-complaint was filed, but no meet and confer process is required under the

6

statute, his attorney's declaration provided no information about the parties' conversations, and Pacheco does not contend that he raised the issue of protected activity as part of the meet and confer process.  Saving the issue of protected activity for a subsequent, untimely anti-SLAPP motion, after requesting and receiving discovery relevant to the claims, is not consistent with the purpose of the anti-SLAPP statute.  The trial court did not abuse its discretion by declining to consider the untimely anti-SLAPP motion.

## DISPOSITION

The order denying the special motion to strike is affirmed. Respondent Universal Protection Services, LP, doing business as Allied Universal Security Services, is awarded its costs on appeal.
NOT TO BE PUBLISHED.


MOOR, Acting P. J.

WE CONCUR:


KIM, J.


DAVIS, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.