Filed 8/19/21  Bell v. Brumm CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| NATHAN W. BELL,<br><br>    Plaintiff and Respondent,<br>v.<br>ERIC BRUMM et al.,<br><br>    Defendants and Appellants. | A159820<br><br>(Alameda County<br>Super. Ct. No. RG18924920) |

The trial court denied defendants' special motion to strike portions of plaintiff's second amended complaint (Code Civ. Proc., § 425.16) on the ground the motion should have been made in connection with earlier pleadings and was therefore untimely.  We reverse and remand for the trial court to hear the motion on its merits.

### BACKGROUND

In his original complaint, filed in October 2018, plaintiff asserted seven causes of action.  Defendant interposed a demurrer on the ground the case is governed by Delaware law and under that law, plaintiff fails to state any claim for relief.

Before the demurrer was heard, plaintiff, in April 2019, filed a first amended complaint, asserting the same causes of action but adding allegations assertedly curing any deficiencies in the original complaint.

1

Defendants again interposed a demurrer, which the trial court heard in August and sustained with leave to amend.

Several weeks later, in early September, plaintiff filed a second amended complaint, which is the operative pleading for purposes of this appeal. Plaintiff asserted four causes of action, three of which had been pled in his prior complaints.

Defendants responded with both a demurrer and a special motion to strike (anti-SLAPP motion). The special motion to strike targeted the following: allegations 20 through 143 of the first cause of action; the entirety of the newly pled third cause of action; and the request for attorney fees and expenses in the prayer for relief.

Three months later, in February 2020, the trial court sustained defendants' demurrer, again with leave to amend. However, the court stayed the filing of a third amended complaint until the court held a hearing and ruled on the choice of law issue.

A week later, on March 2, the trial court denied defendants' special motion to strike on the sole ground that it should have been brought in connection with plaintiff's prior pleadings and thus was untimely. Notably, this was not a ground plaintiff had raised in his opposition to the motion; rather, he opposed the motion on the merits.

**DISCUSSION**[1]

***The Anti-SLAPP Motion Was Properly Directed at The Second Amended Complaint***

---

[1] Whether an anti-SLAPP motion was timely filed is a question of law we review de novo. (*Starview Property, LLC v. Lee* (2019) 41 Cal.App.5th 203, 208 (*Starview*).) While plaintiff suggests the abuse of discretion standard should apply, given the court's handling of the choice of law issue,

2

"An anti-SLAPP motion may be brought within 60 days of service of an amended complaint ' "if the amended complaint pleads new causes of action that could not have been the target of a prior anti-SLAPP motion, or adds new allegations that make previously pleaded causes of action subject to an anti-SLAPP motion." ' " (*Starview, supra,* 41 Cal.App.5th at p. 206; *Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism* (2018) 4 Cal.5th 637, 641; see Code Civ. Proc., § 425.16, subd. (f) [a "special motion may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper"].)

Defendants maintain their special motion to strike targeted new allegations and a new cause of action asserted for the first time in the second amended complaint, and therefore they could not have brought their motion sooner than they did.

Plaintiff's original and first amended complaints asserted seven causes of action: (1) breach of fiduciary duties, (2) breach of duty of fairness to minority shareholder, (3) action for dissolution of Portrait Displays, Inc., (4) fraud in furtherance of oppressive, improper restructuring, (5) breach of contract, (6) breach of the implied covenant of good faith and fair dealing, and (7) aiding and abetting.

His second amended complaint, which superseded the prior complaints, asserted four causes of action: (1) fraud, (2) breach of contract, (3) failure to properly disclose applicability of Corporations Code section 2115, and (4) breach of fiduciary duties by corporate officers and controlling shareholders. Despite the reduced number of causes of action, the second amended complaint exceeded the prior pleadings in size and quantity of allegations.

---

the sole ruling before us (and, indeed, the only appealable order before us) is the court's denial of the anti-SLAPP motion.

At a minimum, defendants' special motion to strike was properly directed at the third cause of action of the second amended complaint, since this was an entirely new cause of action. Indeed, plaintiffs added this cause action in the wake of a discovery dispute about representations made in the course of the litigation.

As for the newly made allegations in support of plaintiff's fraud cause action, we first consider whether they are the type of allegations that are subject to a special motion to strike. At one time, the Courts of Appeal were in disagreement as to whether a special motion to strike could be surgically employed to eliminate allegations or whether such motions could only target entire causes of action. This dispute was resolved in favor of the more surgical approach in *Baral v. Schnitt* (2016) 1 Cal.5th 376, 392-394 (*Baral*). "The anti-SLAPP procedures are designed to shield a defendant's constitutionally protected conduct from the undue burden of frivolous litigation. It follows, then, that courts may rule on plaintiffs' specific claims of protected activity, rather than reward artful pleading by ignoring such claims if they are mixed with assertions of unprotected activity." (*Id.* at p. 393, italics omitted.) "[L]ike a conventional motion to strike," a special motion to strike "may be used to attack parts of a count as pleaded." (*Ibid.*)

However, not all allegations are subject to a special motion to strike. Allegations that "merely provide context, without supporting a claim for recovery, cannot be stricken under the anti-SLAPP statute." (*Baral, supra,* 1 Cal.5th at p. 394.) Thus, allegations that are " 'merely incidental' or 'collateral' are not subject to" a special motion to strike. (*Ibid.*)

Accordingly, when there is a mix of factual allegations with those supporting a cause of action, the "allegations of protected activity" can be

4

excised from mixed causes of action in the complaint. (*Baral, supra,* 1 Cal.5th at p. 396.)

In examining the allegations plaintiff added to his fraud cause of action in the second amended complaint, it is apparent they are not merely incidental, contextual allegations that, under *Baral*, are beyond the reach of a special motion to strike. For example, plaintiff included the following new allegations in elaborating on defendants alleged "fraudulent representations, including material omissions" (capitalization omitted):

*Paragraph 29:* "At the time of the 2011 Note Conversion, Defendants PDI, Brumm and Fishman negligently and/or intentionally failed to disclose that they intended to use the pseudo foreign corporate status of PDI and Delaware incorporation as a means to circumvent the specific California choice of law provision written into the Note Conversion Agreement."

*Paragraph 31:* "At no time did Defendants PDI, Brumm or Fishman disclose to Plaintiff or other PDI shareholders that they were trying to subject shareholders to Delaware law in any manner relating to their rights and privileges appurtenant to their investment shares/notes."

*Paragraph 33*: "At the time of the 2011 Note Conversion, Defendants PDI, Brumm and Fishman negligently and/or intentionally failed to disclose that they had included a conflicting Delaware choice of law clause and/or that they otherwise intended to use the pseudo foreign corporate status of PDI and Delaware incorporation as a means to circumvent the specific California choice of law provision written into the Note Conversion Agreement."

These new allegations, appearing for the first time in plaintiffs' second amended complaint, are "asserted as grounds for relief" and are therefore,

under *Baral*, subject to a special motion to strike.  (*Baral, supra,* 1 Cal.5th at p. 395, italics omitted.)  And because these allegations did not appear in plaintiff's prior pleadings, defendants' motion to strike was properly directed at the second amended complaint.

In concluding that defendant's special motion to strike was appropriately directed at the second amended complaint, we are taking no position as to the merits of the motion.  Rather, we leave that inquiry—i.e., whether defendants have established that plaintiff's claims are based on protected activity and, if they are, whether plaintiff has demonstrated "a probability that he . . . will prevail on the claim[s]" (Code Civ. Proc., § 425.16, subd. (b)(1)-(3))—to the trial court on remand.  (See *Starview, supra,* 41 Cal.App.5th at p. 213.)

### *Respondent's Alternative Grounds to Affirm*

#### *Timeliness of Filing After Service of Second Amended Complaint*

Plaintiff contends that even if the special motion to strike was properly directed at the second amended complaint, the motion was nevertheless not timely filed given the date of service of that pleading.

To begin with, plaintiff has forfeited this objection because he did not raise it in the trial court.  (See *Platypus Wear, Inc. v. Goldberg* (2008) 166 Cal.App.4th 772, 781 [because plaintiff objected to defendant's request to file late special motion to strike, issue was preserved for appeal].)

Even if the issue was preserved, plaintiff's argument is without merit.

Code of Civil Procedure section 425.16, subdivision (f) provides that a special anti-SLAPP motion "may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper."  However, the "moving party on an anti-SLAPP motion gets an extra five days for mailing . . . [¶] . . . when . . . the complaint at which the special

6

motion to strike is directed has itself been mailed." (*Lam v. Ngo* (2001) 91 Cal.App.4th 832, 842.)  In short, Code of Civil Procedure section 1013, subdivision (a) applies to anti-SLAPP motions.  (*Lam,* at p. 842.)

Plaintiff served the second amended complaint *by mail* on September 5, 2019, giving defendants 65 days to file their anti-SLAPP motion.  The last day of that time-period fell on Saturday, November 9.  Defendants filed their motion on Wednesday, November 6.  It was therefore timely filed under Code of Civil Procedure section 1013.

Plaintiff claims the 60-day time for filing should have run from the date of a defendant's *receipt* of the operative pleading, regardless of mode of service and regardless of Code of Civil Procedure section 1013.  He maintains defendants received the second amended complaint on September 6, one day after the date of the proof of service, and therefore the motion should have been filed within 60 days of that date.  Plaintiff cites no authority in support of his assertion that regardless of the mode of service, receipt triggers the filing period.

Plaintiff further asserts that because the second amended complaint was served both by mail and by federal express, the federal express date should control for purposes of the deadline for filing a special motion to strike.  However, the proof of service for the second amended complaint, which is the *court record* of service, states the pleading was served by mail. Again, plaintiff cites no authority for the proposition that the court's record should not be controlling as to the filing period for a responsive document.

***Hearing date of Anti-SLAPP Motion***

Plaintiff also urges as an alternative ground for affirmance that the special motion to strike was not timely heard by the trial court.[2]  As plaintiff points out, Code of Civil Procedure subdivision (f) of section 425.16, specifies that a special motion to strike "shall be scheduled by the clerk of the court for a hearing not more than 30 days after the service of the motion unless the docket conditions of the court require a later hearing."  Here, defendants filed their motion on November 6, 2019, but the motion was not heard until March 2, 2020.

Plaintiff has also forfeited this objection since he did not raise it in the trial court.  (See *San Ramon Valley Fire Protection Dist. v. Contra Costa County Employees' Retirement Assn.* (2004) 125 Cal.App.4th 343, 350-351 [having failed to object in the trial court, party forfeited objection that anti-SLAPP motion was not timely set for hearing within 30 days; failure to raise the objection deprived the moving party and the court from establishing that docket conditions required later scheduling].)

***Mootness of Anti-SLAPP Motion***

Finally, plaintiff maintains the court's ruling should be affirmed because the sustaining of defendants' demurrer with leave to amend rendered the special motion to strike moot.

There is some confusion in the cases as to whether, when both a special motion to strike and a demurrer are filed, as was the case here, the motion to strike should be heard and decided first.  (Compare *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland* (2020) 54 Cal.App.5th 738, 750-

---

[2]  While plaintiff claims "unreasonable delay" was part of the basis for the court's denial of the motion, the trial court made no reference to any such delay in its ruling.

751 (*Oakland Bulk*) [trial court did not err in deferring ruling on defendant's special motion to strike where court had previously sustained defendant's demurrer with leave to amend] with *Martin v. Inland Empire Utilities Agency* (2011) 198 Cal.App.4th 611, 629 (*Martin*)[trial courts should grant or deny special motions to strike "in toto, i.e., without leave to amend, prior to ruling on any pending demurrers"].)

In *Oakland Bulk,* the city first filed a demurrer and an ordinary motion to strike. Two weeks later, it filed a special motion to strike portions of the operative complaint, which was set for hearing two weeks after its demurrer and ordinary motion to strike. (*Oakland Bulk, supra,* 54 Cal.App.5th at pp. 746-747.) After issuing a tentative ruling on the demurrer and ordinary motion to strike, all three matters came on for hearing, the court commenting that the special motion to strike seemed "premature." (*Id.* at pp. 748-749.) After overruling in part and sustaining in part the demurrer with leave to amend, the court denied the special motion to strike without prejudice to the filing of a new motion in response to an amended complaint. (*Id.* at p. 749) Pointing out that the anti-SLAPP statute is silent as to the issue of amendment, and that in *Nguyen-Lam v. Cao* (2009) 171 Cal.App.4th 858, 871, the appellate court had approved the granting of a special motion to strike with leave to amend, the Court of Appeal concluded the trial court's handling of the special motion to strike made perfect sense and that the court did not error in granting leave to amend prior to ruling on the special motion. (*Oakland Bulk,* at pp. 750-751.)

In *Martin,* the defendants concurrently filed a demurrer and a special motion to strike. (*Martin, supra,* 198 Cal.App.4th at p. 616.) Unfortunately, the trial court proceedings were not a model of clarity as to the special motion to strike. The upshot was that the appellate court concluded the trial court

9

had implicitly granted the motion as to all but one of the causes of action and further ruled the trial court was correct in doing so. (*Id.* at pp. 623-625.) As to the remaining cause of action, the appellate court concluded it was apparent the trial had granted the motion with leave to amend. The defendants claimed the trial court errored in granting leave to amend and should have granted their motion. (*Id.* at pp. 625-626.)

The Court of Appeal agreed the trial court had erred—because the court had not first determined that the defendants had carried their burden to show that plaintiff's claim arose from protected activity. (*Martin, supra,* 198 Cal.App.4th at pp. 627-629.) The court canvassed a number of cases addressing amendment, concluding that the holdings "barred trial courts from granting anti-SLAPP motions with leave to amend only when the defendants had already made a prima facie showing on the first prong." (*Id.* at p. 628.) The trial court, however, had made no such determination. (*Id.* at p. 629.) Accordingly, the appellate court deemed the trial court's grant with leave to amend to be the "functional equivalent" of an order denying the motion. (*Ibid.*) The appellate court further concluded that the trial court had not erred in "denying" the motion because defendants failed to make a prima facie showing that the cause of action at issue was based on protected activity. (*Ibid.*)

The *Martin* court went on to "stress what other cases exposited herein have strongly noted: section 425.16 provides no mechanism for granting anti-Slapp motions *with leave to amend.* [Citations.] Trial courts should either grant or deny such motions in toto, i.e., without leave to amend, prior to ruling on any demurrers. A proper ruling on the anti-SLAPP motion would, in most cases, obviate the need to rule on the demurrer at all or, at the very least, in its entirety." (*Martin, supra,* 198 Cal.App.4th at p. 629.)

10

The instant case presents an entirely different situation than *Oakland Bulk* or *Martin,* as well as the cases discussed in those two cases. Here, plaintiff urges that we need not reach the merits of the trial court's ruling on the special motion to strike because that ruling is purportedly moot due to the court's prior sustaining of defendants' demurrer with leave to amend. Regardless of whether mootness could ever be urged on such a ground, the difficulty with such an argument here lies in the basis for the trial court's ruling. As we have discussed, the trial court ruled defendants' special motion to strike was untimely because the motion could have, and should have, been directed at prior complaints. Thus, this ruling could foreclose the defendants' ability to bring a new special motion to strike on like grounds as to any further amended complaint plaintiff may file. Accordingly, it is entirely appropriate to address the merits of the trial court's order.

## DISPOSITION

The trial court's order denying defendants' special motion to strike is reversed and the matter is remanded for further proceedings consistent with this opinion.

_____
Banke, J.

We concur:


_____
Margulies, Acting P.J.


_____
Sanchez, J.

A159820, Bell v. Brumm

12